## Benjamin H. Tichnor *vs.* F. B. Hart.

Submitted on briefs Jan. 11, 1893. Decided Feb. 24, 1893.

**Contract, Prospectus When a Part of.**

> In order that a *prospectus* of a proposed publication may become a part of the contract of a subscriber for the work to be published, it must appear that the contents of the *prospectus* were communicated to him, so that he may be supposed to have been influenced thereby.

**Evidence Inconclusive.**

> Evidence to prove such a case *held* to be inconclusive.

Appeal by defendant, F. B. Hart, from an order of the Municipal Court of the City of Minneapolis, *Elliott,* J., made January 29, 1892, denying his motion for a new trial.

On October 8, 1888, defendant made a contract in writing with the plaintiff, Benjamin F. Tichnor of Boston, Mass., by which Tichnor agreed to execute a steel plate engraving of defendant, and to insert it with a sketch of his life in the fourth volume of a work entitled "American Biography of Representative Men," and to furnish defendant with a copy of the volume, and fifty copies of the engraving. For this Hart agreed to pay to plaintiff's order two hundred

and fifty dollars. Plaintiff claimed to have performed the contract on his part, but defendant refused to pay. He contended that the book did not fulfill the oral representations made to him to induce him to make the contract. The printed prospectus of the book stated that the value of the work would be greatly enhanced by able contributions of local interest by distinguished scholars and scientists. The book contained no such contributions.

The action was tried January 20, 1892. The jury returned a verdict for the plaintiff for the $250 and interest. Defendant moved for a new trial, and being denied, appealed.

*Robert Jamison,* for appellant, cited Newmark, Sales, § 342; 2 Schouler, Per. Prop. § 316; 2 Smith's Lead. Cas. 27; Benjamin, Sales, § 565; *Paton* v. *Duncan,* 3 Car. & P. 336; *Haase* v. *Nonnemacher,* 21 Minn. 486; *Reed* v. *Randall,* 29 N. Y. 358.

*Judson L. Wicks,* for respondent.

DICKINSON, J. The plaintiff proposing to prepare and publish a book of "American Biography of Representative Men," the defendant became a subscriber therefor by a written contract, which provided that the work should embrace his portrait, with a sketch of his life, and that upon the delivery of a copy of the work he should pay a specified price. The defendant refused to accept the published work. This action is for the recovery of the contract price. The defense seems to have been that the plaintiff had not performed on his part the undertaking embraced in the contract. The verdict of the jury has unquestionably settled in favor of the plaintiff some controverted matters, concerning which the evidence was conflicting, leaving but one question worthy of particular notice on this appeal.

A *prospectus,* setting forth the character of the proposed publication, had been issued by the plaintiff before the defendant entered into the contract on which this action is founded. This stated that "the value of the work will be greatly enhanced by able contributions of local interest by distinguished scholars and scientists." It is urged in the brief of the appellant that the book contains no such contributions. The published volume was introduced in evidence.

It is doubtful, from the appellant's own testimony, whether he entered into the contract in reliance upon, or in any degree induced by, the above-recited provision in the prospectus.  He could not state whether the prospectus was handed to him, nor could he testify as to whether he read it or not.  The proof falls short of showing, with any degree of clearness, that he knew the contents of the prospectus, or relied upon the proposals therein set forth, when he entered into the contract (expressed in a different instrument.)  If he did not, the prospectus constituted no part of the contract.  His testimony tended to show that he relied upon, and was influenced by, the oral representations alleged to have been made by the agent who solicited his subscription, rather than upon the prospectus, which he may not have seen.  Hence the verdict of the jury must stand.

It may be added that, while there appears to have been no proper return to this court of the pleadings in the case, the answer of the defendant, as printed in the paper book filed with the return, does not set forth *this* defense, but seems to rest the case of the defendant upon the alleged oral misrepresentations of the plaintiff's agent.

No sufficient reason appearing for setting aside the verdict of the jury, the order refusing a new trial is affirmed.

MITCHELL, J., did not participate in this decision.

(Opinion published 54 N. W. Rep. 369.)